UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO BRAVO,<br>  Plaintiff,<br>  v.<br>ON DELIVERY SERVICES, LLC, et al.,<br>  Defendants. | Case No. 18-cv-01913-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 22 |

Plaintiff Alfredo Bravo has brought what is largely a wage-and-hour case against multiple defendants, namely, On Delivery Services, LLC; Jorge Alfaro; Frisco Bay Transport, Inc.; Dynamex; XPO Logistics Supply Chain, Inc.; Amazon.com Services, Inc.; and Mattress Firm, Inc.[1] Some of the defendants have not appeared in the case as of yet. Some defendants have appeared and answered. Currently pending before the Court is one defendant's – Amazon's – motion to dismiss and strike.

The Court held a hearing on Amazon's motion to strike on May 24, 2018. This order memorializes the Court's rulings made at the hearing and provide additional analysis, as necessary.

## I. DISCUSSION

1. With respect to all claims, Mr. Bravo alleges that all defendants, including Amazon, are joint employers. However, that allegation is completely conclusory. There are no factual allegations in the complaint regarding the nature of the alleged joint relationship – *e.g.*, did Amazon hire one of the other defendants to make deliveries for it and did that defendant then hire

---

[1] Mr. Bravo voluntarily dismissed two defendants (North American Logistics Group LLC and IKEA U.S. West, Inc.) in April 2018. *See* Docket No. 20 (notice of voluntary dismissal).

Mr. Bravo as a driver's helper? Moreover, there are no factual allegations in the complaint that make the joint employment relationship plausible, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) – *e.g.*, did Amazon exert the requisite control over Mr. Bravo to be deemed an employer, let alone a joint employer? Because of these deficiencies, all claims pled in the complaint are properly dismissed. If Mr. Bravo amends (as the Court permits as provided below), he must allege specific facts establishing a plausible claim that Amazon was his joint employer.

2. With respect to claim 1, failure to pay "straight" wages, it is predicated on two theories: (a) that Mr. Bravo was paid by shift, not by hour, such that "at time[s] [he] was paid less than minimum wage," Compl. ¶ 23, and (b) that he was not provided a meal break during which he was relieved of all duties and he was not paid for that time. *See* Compl. ¶¶ 30, 47. The Court addresses the second theory as part of claim 4 below.

As for the first theory, it is subject to dismissal because it is lacking in specificity. *See Landers v. Quality Communications, Inc.*, No. 12-15890, 2015 U.S. App. LEXIS 1290, at *19-20 (9th Cir. Jan. 26, 2015) (amending opinion at 771 F.3d 638 (9th Cir. 2014)). In *Landers*, for example, the plaintiff alleged an overtime violation based on the fact that the defendants used a de facto "piecework no overtime" system, meaning that employees were paid a certain amount per piece. The Ninth Circuit held that this allegation was insufficient to support an overtime claim; the complaint lacked detail regarding a given workweek when the plaintiff worked in excess of forty hours and was not paid overtime for that specific workweek or was not paid minimum wages. *See id.* There is no principled reason to treat payment per piece (as in *Landers*) differently from payment per shift (as in the instant case), and Mr. Bravo does not allege, *e.g.*, that, in a given workweek, he was not paid minimum wages because of how the shift system worked.

3. Claim 2 for failure to pay overtime is likewise subject to dismissal under *Landers*. Notably, the *Landers* court endorsed the reasoning of a Third Circuit opinion, *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014). As explained in *Landers*, each plaintiff in *Davis* "alleged that 'he or she *typically* worked shifts totaling between thirty-two and forty hours per week and further allege[d] that he or she *frequently* worked extra time.'" *Landers*, 2015 U.S. App.

2

LEXIS 1290, at *14. The Third Circuit held that the allegations were not sufficient to state a plausible claim for relief because "none of the plaintiffs alleged that the extra hours *were in fact worked* during a typical forty-hour workweek." *Id.* (emphasis added). While "a plaintiff need not identify precisely the dates and times she worked overtime," there must still be "[a]n allegation that a plaintiff typically worked a forty-hour workweek, and worked uncompensated hours during a *particular* forty-hour workweek." *Id.* (emphasis added).

As reflected by the above, *Landers* establishes that the invocation of a term such as "regularly," "typically," and "frequently" is not enough *by itself* to establish the plausibility of a claim. *See, e.g.*, *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) (Hamilton, J.) (stating that, "[u]nder *Landers*, allegations such as those asserted in the FAC – that certain plaintiffs 'regularly' or 'regularly and consistently' worked more than 40 hours per week – fall short of the *Twombly*/*Iqbal* standard and are thus insufficient to state a claim for denial of overtime compensation"); *Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016) (Corley, J.) (stating that "*Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week – without any further detail – fall short of *Twombly*/*Iqbal*"). "Instead, a plaintiff must identify facts that give rise to a plausible inference that he was not paid minimum wage or overtime during at least one work week." *Id.* at 1008.

4. Claim 3, titled "liquidated damages," is derivative of the minimum wage and overtime wages. *See* Compl. ¶ 62. Accordingly, because claims 1 and 2 are subject to dismissal, claim 3 is also subject to dismissal.

5. Claim 4 for failure to provide meal periods is dismissed because, as Amazon argues, Mr. Bravo has failed to specify *how* Amazon and/or Defendants failed to provide him with meal breaks in a manner that establishes liability under *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012). Mr. Bravo essentially parrots the elements of a meal break claim without providing any factual allegations in support.

6. Claim 5, which asks for waiting time penalties, is another derivative claim (based on claims 1, 2, and 4). As the underlying claims are dismissed, claim 5 is also dismissed.

3

The Court also notes that a claim for waiting time penalties requires a willful violation. *See Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1202 (2008) (discussing a prior case where there was evidence that the "employer was in fact aware that its employees were not being fully compensated for their time") (emphasis omitted); *Johnson v. Q.E.D. Envtl. Sys.*, No. 16-cv-01454-WHO, 2016 U.S. Dist. LEXIS 120900, at *12-13 (N.D. Cal. Sep. 7, 2016) (stating that plaintiff's "allegations of willful conduct are sufficiently pleaded because it is at least plausible that QED knew its employees were taking lunch periods of less than 30 minutes"); *Johnson v. Sunrise Senior Living Mgmt.*, No. CV 16-00443-BRO (RAOx), 2016 U.S. Dist. LEXIS 189479, at *23 (C.D. Cal. May 5, 2016) (stating that "Plaintiff also plausibly alleges that Defendant's conduct was willful, as she claims that Defendant was aware of its employees' inability to receive their entire wages due at least as of February 2014").

7.   Claim 6 alleges a violation of California Labor Code §§ 204 and 210. Amazon moves to dismiss the claim because, *inter alia*, there is no private right of action under § 204 and the civil penalty under § 210 may be recovered by the California Labor Commissioner only. The Court dismisses the claim as Mr. Bravo concedes that it should be dismissed.

8.   Claim 7 for failure to provide accurate wage statements is another derivative claim subject to dismissal.

However, the Court rejects Amazon's argument that there is no viable § 226 claim where a plaintiff alleges that "her wage statement was inaccurate because she should have received overtime and meal break premiums and these unpaid premiums were not reflected in her wage statement," Mot. at 15. Although Amazon cites authority in support of its position – *e.g.*, *Jones v. Spherion Staffing LLC*, No. LA CV11-06462 JAK (JCx), 2012 U.S. Dist. LEXIS 112396 (C.D. Cal. Aug. 7, 2012) – not all courts have agreed with *Jones*. In fact, courts in this District have largely rejected *Jones* and/or its reasoning. The Court finds the decisions from this District more persuasive than *Jones*. *See, e.g.*, *In re Autozone, Inc.*, No. 3:10-md-02159-CRB, 2016 U.S. Dist. LEXIS 105746 (N.D. Cal. Aug. 10, 2016); *Parson v. Golden State FC, LLC*, No. 16-cv-00405-JST, 2016 U.S. Dist. LEXIS 58299 (N.D. Cal. May 2, 2016); *Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2015 U.S. Dist. LEXIS 114860 (N.D. Cal. Aug. 27, 2015); *Bellinghausen v.*

*Tractor Supply Company*, No: C-13-02377 JSC, 2014 U.S. Dist. LEXIS 13212 (N.D. Cal. Feb 3, 2014).

9. Claim 8, which alleges a violation of § 17200, is another derivative claim and, as such, is subject to dismissal.

10. Claim 9 is one for statutory prejudgment interest. As another derivative claim, it is dismissed.

11. Claim 11 is failure to reimburse business expenses. This claim is dismissed because, as Amazon argues, Mr. Bravo "does not allege any facts that would make plausible that he was working *as an employee of Amazon* when he incurred cell phone expenses, let alone any facts showing that *Amazon* was aware [he] incurred necessary business expenses, but nonetheless failed to reimburse him." Mot. at 16 (emphasis in original). He does not allege specific facts establishing Amazon's liability under *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009) (stating that, "for purposes of § 2802, before an employer's duty to reimburse is triggered, it must either know or have reason to know that the employee has incurred an expense[;] [o]nce the employer has such knowledge, then it has the duty to exercise due diligence and take any and all reasonable steps to ensure that the employee is paid for the expense").

12. Claim 12, negligence, is dismissed because the complaint does not establish Amazon owed a duty of case. Even if the Court assumes that Amazon had a duty of care, *see Waste Mgmt., Inc. v. Superior Court*, 119 Cal. App. 4th 105, 110 (2004) (stating that "[e]mployers have a nondelegable duty to furnish their employees with a safe place to work"); *see also* Cal. Lab. Code § 6400(a) (providing that "[e]very employer shall furnish employment and a place of employment that is safe and healthful for the employees therein"), Mr. Bravo has improperly "lumped" all defendants as being responsible for the truck with the allegedly defective brakes.

13. Finally, the Court dismisses the prayer for injunctive relief for failure to allege standing. To the extent Mr. Bravo asks for injunctive relief to address the (alleged) wage-and-hour violations, he is no longer an (alleged) employee of any defendant. To the extent Mr. Bravo asks for injunctive relief to address his claim of negligence, *see* Opp'n at 10 (arguing that "Plaintiff is a member of the public and uses the roadways of California and as such has standing

to seek injunctive relief"), standing is still a problem. "[T]he Supreme Court has indicated that, at least when injunctive relief is sought, litigants must adduce a 'credible threat' of recurrent injury." *La Duke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir. 1985) (citing, *inter alia*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983)); *see also Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017) (noting that, "[f]or injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical'" – *i.e.*, "the 'threatened injury must be certainly impending to constitute injury in fact' and 'allegations of possible future injury are not sufficient'"; adding that, "[w]here standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way'"). The risk of future injury as alleged is conjectural.

## II. CONCLUSION

For the foregoing reasons, the Court dismisses all claims asserted in the complaint against Amazon.[2] Mr. Bravo has leave to amend to correct the above deficiencies, if he can do so in good faith. The amended complaint shall be filed within thirty (30) days of the date of this order.

Upon the filing of the amended complaint, Mr. Bravo shall promptly serve the amended complaint on all defendants (other than those that have already been voluntarily dismissed by Mr. Bravo) within sixty (60) days of the date of this order.

This order disposes of Docket No. 22.

**IT IS SO ORDERED**.

Dated: May 25, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court does not address the merits of Claim 10 (failure to provide records) as the claim was not asserted against Amazon.

6