Cary Kletter (SBN 210230)
Rachel Hallam (SBN 306844)
KLETTER LAW
1900 S. Norfolk Street, Suite 350
San Francisco, California 94403
(415) 434-3400

Attorneys for Plaintiff
ALFREDO BRAVO

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ALFREDO BRAVO,

Plaintiff,

v.

ON DELIVERY SERVICES, LLC; JORGE ALFARO; FRISCO BAY TRANSPORT, INC.; DYNAMEX; XPO LOGISTICS SUPPLY CHAIN, INC.; AMAZON.COM SERVICES, INC.; IKEA U.S. WEST, INC.; MATTRESS FIRM, INC.; and NORTH AMERICAN LOGISTICS GROUP LLC,

Defendants.

Case No. 3:18-cv-01913-EMC

**PLAINTIFF ALFREDO BRAVO'S NOTICE OF MOTION TO REMAND; MEMORANDUM OF POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

Date: February 14, 2019
Time: 1:30 p.m.
Judge: Hon. Edward M. Chen
Ctrm: 5 – 17th Floor

Complaint Filed: February 14, 2018
TAC Filed: January 15, 2019
Complaint Removed: March 28, 2018
Trial Date: Not yet set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2019 at 1:30 p.m., or as soon as thereafter as the matter can be heard in Courtroom 5 of the above-captioned court, located at Golden Gate Avenue, San Francisco, California 94102, the Honorable Edward M. Chen presiding, Plaintiff will move and hereby does move this Court for an Order remanding this matter to the Superior Court of the State of California, County of Alameda.

This motion is made on the ground that there is no federal subject matter jurisdiction

over this case.

This motion is based on this Notice of Motion and Memorandum of Points and Authorities, on all of the pleadings, records, and papers on files in this action, and on the Declaration of Cary Kletter filed concurrently herewith.

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. FACTUAL CLAIMS ..... 1

III. LEGAL ARGUMENT ..... 3

a. Legal Standard for a Motion for Remand ..... 3

b. No Federal Question Jurisdiction Exists ..... 4

c. The Court Should Not Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims ..... 4

1. Plaintiff's Case Has Not Benn Pending for An Extended Time ..... 5

2. This Court Has Not Spent Significant Time on this Case ..... 5

3. Plaintiff Dismissed Federal Claim for Non-Forum Related Reasons ..... 5

4. Statute of Limitations on State Law Claims Have Not Expired ..... 6

5. Plaintiff's State Law Claims Are Not Straightforward ..... 6

IV. CONCLUSION ..... 6

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Adorno Enterprises, Inc. v. Federated Dept. Stores, Inc.*
629 F.Supp. 1565 ........................................ 3

*In re Paoli R.R.Yard PCB Litig.*
35 F3d 717 (3rd Cir. 1994) ........................................ 5

*International Primate Protection League v. Administrators of Tulane Ed. Fund*
500 U.S. 72 (1991) ........................................ 3

*Karnatcheva v. JPMorgan Chase Bank*
871 F.Supp.2d 834 (D.Minn.2012) ........................................ 4

*Meyer v. Health Management Associates*, Inc.
841 F.Supp.2d 1262 (S.D.Fla. 2012) ........................................ 3

*Reynolds v. County of San Diego*
84 F3d 1162 (9th Cir. 1996) ........................................ 4

*Roche v. John Hancock Mut. Life Ins. Co.*
81 F3d 249 (1st Cir. 1996) ........................................ 4

*Rosciti Const., Inc. v. Lot 10 of East Greenwich Town Assessor's Plat 14*
754 F.Supp. 14 (D.R.I.1991) ........................................ 3

*RWJ Mgmt. Co., Inc. v. BP Products North America, Inc*
672 F3d 476 (7th Cir. 2012) ........................................ 5

*Schneider v. TRW, Inc.*
938 F2d 986 (9th Cir. 1991) ........................................ 4

### FEDERAL STATUTES

28 U.S.C. § 1447(c) ........................................ 3

## I. INTRODUCTION

Plaintiff ALFREDO BRAVO ("Plaintiff") filed the instant action against Defendants for claims arising out of Plaintiff's employment with Defendants. Plaintiff was employed as a driver's helper wherein he rode in delivery trucks, completed deliveries, and assembled furniture. Plaintiff was erroneously classified as an independent contractor and paid a flat daily rate regardless of Plaintiff's hours worked. Plaintiff's claims against Defendants include Failure to Pay Straight Wages, Failure Pay Overtime Wages, Liquidated Damages, Failure to Provide Meal Periods, Waiting Time Penalties, Failure to Provide Accurate Pay Stubs, Unlawful Business Practices, Statutory Prejudgment Interest, Failure to Provide Records, and Unreimbursed Expenses.

On March 28, 2018, this case was removed to federal court on the basis of federal question jurisdiction. On September 21, 2018, Plaintiff filed his Second Amended Complaint ("SAC") naming MASCO as a Defendant and detailing his work for Defendants. On November 5, 2018, MASCO filed a motion to dismiss Plaintiff's SAC and to strike Plaintiff's claim for injunctive relief. On December 20, 2018, this court granted MASCO's Motion to Dismiss with leave for Plaintiff to amend his complaint. Plaintiff thereafter filed his third amended complaint ("TAC"), which omitted the federal causes of action alleged against every Defendant. As Plaintiff's TAC solely alleges causes of action based on California law, the case should be remanded to the original court of jurisdiction.

## II. FACTUAL CLAIMS

Plaintiff's Third Amended Complaint arises from wage and hour violations Defendants committed while employing Plaintiff. Plaintiff started working for Defendants as a driver's helper in January 2016. TAC at ¶¶ 18, 19. In an effort to shield themselves from liability, Defendants all falsely claimed that Plaintiff did not work for them– that he was an "independent contractor" driver's helper. *Id.* at ¶ 13. In reality, Defendants jointly employed Plaintiff. *Id.* at ¶ 11.

From January 2016 to December 2017, Plaintiff worked full-time solely for Defendants and did not have a business license at any time. *Id.* at ¶¶ 23, 24. Plaintiff rode in the cab of the truck next to the driver, normally Juan or Jose "Freddy" Cano, and assisted the driver in loading the vehicle with products and in completing delivery of the products. *Id.* at ¶¶ 20, 21. Defendants unilaterally determined when Plaintiff began and stopped work each day, which truck and driver Plaintiff was assigned to, which route Plaintiff was assigned to, which products Plaintiff was to load onto the truck and deliver to Defendants' customers, and which products to assemble. *Id.* at ¶¶ 27-30.

Defendants utilized a routing application, "Dispatch Truck," to track all deliveries Plaintiff made on behalf of Defendants. *Id.* at ¶ 43. Plaintiff was required to scan all deliveries before taking the package from each Defendants' shipment center, obtain the signature of Defendants' customers, and log delivery information for Defendants. Through Dispatch Truck, MASCO provided Plaintiff with authorization codes and directed Plaintiff as to the next steps when the customer was unavailable to accept the package.

Plaintiff worked very long hours for Defendants without complaints for almost two years. *Id.* at ¶ 41. Despite Plaintiff's dedication, he was subjected to unlawful employment practices by Defendants. *Id.* at ¶ 34. Because Plaintiff was classified as an independent contractor, Defendants did not bother to record Plaintiff's hours worked, overtime, or meal breaks taken as required by applicable law. *Id.* at ¶ 35. Plaintiff did not invoice Defendants for the work he completed on their behalf, as an independent contractor would. *Id.* at ¶ 25. Instead, Defendants paid Plaintiff by the shift, not by the hour, and as a result, he was paid less than minimum wage and no overtime pay. *Id.* at ¶ 38. Plaintiff should have been classified as a non-exempt employee based on his duties because there is no conceivable theory under California law pursuant to which Plaintiff's work would qualify him to be classified as an exempt employee or independent contractor. *Id.* at ¶ 15.

Plaintiff devoted long hours to ensure each Defendant's success. *Id.* at ¶ 41. Plaintiff worked more than 8 hours a day every day from January 2016 to December 12, 2017, and

Plaintiff often worked more than 12 hours a day. *Id.* From January 2016 to December 2017, Plaintiff worked on average 5 to 6 days a week and performed 10 to 14 hours of work each day for Defendants. *Id.* at ¶ 52.

Plaintiff did not receive wage statements listing his hours worked, meal breaks taken, nor list wage withholdings as required by applicable California law. *Id.* at ¶ 67. Plaintiff was required to use his cell phone for work-related calls, including calls to Defendants for instructions to complete deliveries, but he has never been reimbursed for his cell phone expenses. *Id.* at ¶ 69.

Plaintiff's employment was constructively terminated in December 2017 as a result of Defendants' failure to provide him with a safe work environment, provide proper insurance, pay him accurate wages, and issue correct wage statements. *Id.* at ¶ 70.

## III. LEGAL ARGUMENT

### a. Legal Standard for a Motion for Remand

Pursuant to 28 U.S.C. § 1447(c), a motion for remand lies where there is no diversity of citizenship, or the claim does not in fact "arise under" federal law. Such defects go to the court's subject matter jurisdiction and can be raised at any time. *International Primate Protection League v. Administrators of Tulane Ed. Fund* (1991) 500 US 72, 87. The statute requires continuing scrutiny of removal of a case from a state tribunal; district court's obligations are not terminated once initial transfer has taken place; the law contemplates that the district judge act *sua sponte* to remand the case where appropriate. *Adorno Enterprises, Inc. v. Federated Dept. Stores, Inc.*, D.R.I.1986, 629 F.Supp. 1565.

A district court may grant motion to remand to state court if it finds that it lacks subject matter jurisdiction. *Rosciti Const., Inc. v. Lot 10 of East Greenwich Town Assessor's Plat 14*, D.R.I.1991, 754 F.Supp. 14. On motion to remand, removing party bears burden of showing existence of federal subject matter jurisdiction; to meet its burden, removing party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. *Meyer v. Health Management Associates*, Inc., S.D.Fla.2012, 841 F.Supp.2d 1262. In reviewing motion to

remand to state court, district court must resolve all doubts in favor of remand, and party opposing remand has burden of establishing federal jurisdiction by preponderance of the evidence. *Karnatcheva v. JPMorgan Chase Bank*, N.A., D.Minn.2012, 871 F.Supp.2d 834, affirmed 704 F.3d 545, rehearing and rehearing en banc denied, certiorari denied 571 U.S. 939.

Upon dismissal of a plaintiff's federal claims, most courts hold that whether to dismiss or retain supplemental claims under these circumstances is "fully discretionary" with the district court. *Schneider v. TRW, Inc.* (9th Cir. 1991) 938 F2d 986, 993-994; *Roche v. John Hancock Mut. Life Ins. Co.* (1st Cir. 1996) 81 F3d 249, 256-257. Other courts hold that "in the *usual* case in which federal law claims are eliminated before trial, the balance of factors will point toward *declining* to exercise jurisdiction over the remaining state law claims." *Reynolds v. County of San Diego* (9th Cir. 1996) 84 F3d 1162, 1171.

Here, remand should be granted because Defendants cannot show federal subject matter jurisdiction and the factors disfavor the District Court's exercise supplemental jurisdiction over Plaintiff's state law claims.

**b. No Federal Question Jurisdiction Exists**

On February 14, 2018, Plaintiff filed his complaint in California Superior Court County of Alameda. Cary Kletter Declaration at ¶ 4. This case was removed solely on the basis federal question jurisdiction as the Complaint alleged claims under the Fair Labor Standards Act. *Id.* at ¶ 5. Plaintiff filed his Third Amended Complaint, which does not allege any claims under the Fair Labor Standards Act. *Id.* at ¶ 10. Plaintiff is forgoing his federal claims in favor of pursuing his stronger claims under the California Labor Code. As a result, Plaintiff's complaint solely alleges claims under California law. Thus, there is no a basis for federal question jurisdiction, and the court can exercise supplemental jurisdiction over Plaintiff's state causes of action if there is a compelling reason to do so.

**c. The Court Should Not Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims**

Supplemental jurisdiction over Plaintiff's remaining claims is discretionary. Factors found to favor a federal court's retention of supplemental jurisdiction over state law

claims include: if the case has been pending in federal court for an extended time; if the court is familiar with the issues and spent significant time on the case; if it appears that Plaintiff has dismissed his federal claims in order to seek the state forum; if the statute of limitations has run on the state law claims, precluding the filing of a separate suit in state court; or it is absolutely clear how the state law claims can be decided. See *RWJ Mgmt. Co., Inc. v. BP Products North America, Inc.* (7th Cir. 2012) 672 F3d 476, 480; see also *In re Paoli R.R.Yard PCB Litig.* (3rd Cir. 1994) 35 F3d 717, 738. Taking these factors into account, Plaintiff requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**1. Plaintiff's Case Has Not Been Pending for An Extended Time**

Plaintiff filed his complaint in state court in February 2018. This case was removed to federal court on March 28, 2018. This case thus has been pending for less than a year before this court, and a trial date has not yet been set.

**2. This Court Has Not Spent Significant Time on this Case**

From March 28, 2018 to present, several Defendants have filed motions to dismiss Plaintiff's Complaint and Second Amended Complaint. Other than hearing these motions, the Court has not determined any other issues in this case. Discovery has not commenced; the Court has not even yet conducted the Initial Case Management Conference. This case is clearly in the early stages, and significant judicial resources would not be wasted if the Court denies supplemental jurisdiction over Plaintiff's state law claims.

**3. Plaintiff Dismissed Federal Claims for Non-Forum Related Reasons**

Plaintiff is amending his complaint to dismiss his claims under the Fair Labor Standards Act as a result of the Court's orders from the hearings on Amazon's Motion to Dismiss Plaintiff's Complaint and on Masco's Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff is electing to pursue relief solely through his California Labor Code causes of action. Plaintiff is not dismissing his Fair Labor Standards Act claims for any improper purpose, including forum shopping. Cary Kletter Declaration at ¶ 11.

///

**4. Statute of Limitation on State Law Claims Have Not Expired**

Plaintiff's TAC alleges the following California Labor Code violations: unpaid straight wages, unpaid overtime, liquidated damages, failure to provide meal breaks, waiting time penalties, failure to provide accurate wage statements, failure to provide records, and unreimbursed business expenses. In addition, the TAC alleges Unfair Business Practices in Violation of the California Business and Professions Code. The statute of limitations for these claims are 3 years (extended to 4 years if Defendant is found liable under the Business and Professions Code). Plaintiff worked for Defendants from January 2016 to December 2017; thus, the statute of limitations for his claims have not expired.

**5. Plaintiff's State Law Claims Are Not Straightforward**

Finally, Plaintiff's state law claims are not straightforward because there are preliminary novel issues under California law that must be determined before liability for Plaintiff's wage and hour issues. As identified during the hearing on Masco's Motion to Dismiss, the Court will have to determine whether under California law Masco Cabinetry is liable for wage and hour issues as a joint employer or client employer. *Id.* at ¶ 9; ECF 88. It is generally recognized that it is more appropriate for a state court to interpret state law. Therefore, this factor also favors this District Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**IV. CONCLUSION**

Based on the foregoing, Plaintiff requests that the Court remand this case to the Superior Court of California, County of Alameda.

Dated: January 15, 2019

KLETTER LAW

By: [signature]
Cary Kletter
Rachel Hallam
Attorneys for Plaintiff
ALFREDO BRAVO