UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO BRAVO,<br><br>    Plaintiff,<br><br>v.<br><br>ON DELIVERY SERVICES, LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-01913-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 91 |

Currently pending before the Court is Plaintiff Alfredo Bravo's motion to remand. Having reviewed the parties' briefs, as well as all evidence of record, the Court finds the matter suitable for resolution on the papers, and the hearing on the motion is therefore **VACATED**. For the reasons discussed below, Mr. Bravo's motion to remand is **GRANTED**.

As an initial matter, the Court notes that, originally, Mr. Bravo filed suit in state court. The suit was removed to federal court because, although most of the wage-and-hour claims asserted were based on state law, there were also two claims brought pursuant to the federal Fair Labor Standards Act ("FLSA"). Subsequently, one of the defendants sued filed a motion to dismiss which the Court granted but with leave to amend. *See* Docket No. 27 (order). After Mr. Bravo filed a first amended complaint, that pleading was challenged by the same defendant as well as a group of other defendants, but those motions were never adjudicated because the claims against these defendants were settled. In the meantime, Mr. Bravo filed a second amended complaint, adding a new defendant to the case – Masco Cabinetry LLC – as well as one additional FLSA claim, and Masco moved to dismiss. The Court granted the motion but gave Mr. Bravo leave to amend. The Court instructed Mr. Bravo that he needed to plead nonconclusory factual allegations specific to Masco to support the joint employer theory, under both the FLSA and

California law, and to support the client employer theory, under California law only. *See* Docket No. 88 (minutes). Mr. Bravo filed his third amended complaint and, in that complaint, dropped all FLSA claims, thus leaving only claims pursuant to state law. Mr. Bravo then filed the currently pending motion to remand.

To the extent Mr. Bravo suggests that a remand is required because the Court no longer has subject matter jurisdiction, the Court does not agree. The Court clearly had subject matter jurisdiction at the time of removal – *i.e.*, federal question jurisdiction based on the FLSA claims. *See Allen v. FDIC*, 710 F.3d 978, 984 (9th Cir. 2013) (stating that "federal jurisdiction is determined at the time of removal, not after a case has been removed"). Just because Mr. Bravo has chosen to drop his FLSA claims does not mean that the Court is thereby deprived of subject matter jurisdiction. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (stating that "jurisdiction must be analyzed on the basis of the pleading filed at the time of removal without reference to subsequent amendments"); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998) (stating that "'jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments'" and, therefore, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based"), *overruled in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S. Ct. 1562 (2016).

That being said, now that Mr. Bravo no longer asserts a federal claim, the issue is fairly raised of whether this Court should retain supplemental jurisdiction over his state law claims. Title 28 U.S.C. § 1367(c) provides that

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling

2

reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In the instant case, both subsections (c)(1) and (c)(3) are implicated.[1] Because there is a factual predicate for declining supplemental jurisdiction under § 1367(c), the Court must consider whether declining supplemental jurisdiction would "comport[] with the underlying objective of 'most sensibly accommodating' the values of 'economy, convenience, fairness, and comity.'" *Executive Software N. Am. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds, Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008)).

Masco argues that these considerations weigh in favor of retaining supplemental jurisdiction. For example, Masco contends that the Court should retain supplemental jurisdiction because the case has been pending before the Court for approximately ten months and the case has been actively litigated as evidenced by the motions to dismiss and the Court's rulings thereon. Masco also asserts that retention of jurisdiction is appropriate because Mr. Bravo is engaging in forum shopping – *i.e.*, trying to avoid this Court's unfavorable rulings and a likely unfavorable ruling once the Court considers Masco's recently filed motion to dismiss.

The Court is not unsympathetic to Masco's arguments. Nevertheless, it is not persuaded for several reasons. First, the Court has not committed significant judicial resources as it has only ruled on two motions to dismiss, and the case is still early in its inception, with the pleadings yet to be resolved. Second, although Mr. Bravo did include FLSA claims in the various iterations of his complaint, they were not the driving force of the litigation and, in this regard, it is not overly damning that Mr. Bravo chose to drop the claims. Furthermore, while the Court cannot conclusively say that its rulings had no impact on Mr. Bravo's decision-making, it is likely that legitimate considerations also factored into that decision-making – *e.g.*, a recognition that "joint employer" under California law is more expansive than that under federal law and that California law has a "client employer" theory that does not appear to be available under federal law.

---

[1] Subsection (c)(1) is implicated because of Mr. Bravo's client employer theory. There is limited authority on client employer liability pursuant to California Labor Code § 2810.3. Furthermore, Mr. Bravo's client employer theory is unique in that it involves two levels of alleged employers (*i.e.*, Masco hiring XPO and then XPO hiring On Delivery and/or Frisco Bay).

3

Accordingly, the Court, in the exercise of its discretion, the Court grants Mr. Bravo's motion to remand the case back to the Alameda County Superior Court. *See, e.g.*, *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1210 (C.D. Cal. 2013) (declining supplemental jurisdiction and remanding to state court).

In light of this ruling, the Court does not address the merits of Masco's motion to dismiss, filed on January 29, 2019. *See* Docket No. 94 (motion to dismiss). In addition, Masco's request that the motion to remand be heard on the same day as the motion to dismiss is moot. *See* Docket No. 101 (ex parte application to continue hearing).

This order disposes of Docket No. 91.

**IT IS SO ORDERED**.

Dated: February 8, 2019

_____
EDWARD M. CHEN
United States District Judge